IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CAMERON MONTE SMITH,<br><br>Defendant. | Case No. 1:23-cr-00118<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S POST-HEARING BRIEF** |

The United States of America, by Mac Schneider, U.S. Attorney for the District of North Dakota, and David D. Hagler and Jonathan J. O'Konek, Assistant U.S. Attorneys, hereby responds to the defendant's post-hearing brief on its motion to suppress (Doc. No. 63).

## INTRODUCTION

The United States requests that this Court consider the factual information, legal authority, and legal analysis contained within—and attached to—the United States' Response to Defendant's Motion to Suppress. (Doc. No. 48). Additionally, the United States requests that this Court consider the exhibits, witness testimony, and arguments introduced at the defendant's January 29, 2024, suppression and Franks hearing. (Doc. No. 57). Moreover, the United States maintains—and reasserts—the legal arguments it made in both its motion response and at the subsequent motion hearing. Thus, the United States submits this response to the defendant's post-hearing brief to specifically annotate, and limit, the items that this Court should suppress either: 1) because the items came

from a warrantless search without an exception; or 2) because the items constitute fruit of the poisonous tree from a warrantless search.

## CONCESSIONS

The United States agrees with the defendant that this Court should suppress the following items:

1. **Interior Vehicle Search**

All evidence that law enforcement located during their interior search of the defendant's Honda Element, as well as the following items for which the United States concedes the inevitable discovery and good faith exceptions do not apply:

- An additional search of the defendant's Honda Element for additional DNA evidence pursuant to an October 10, 2023 United States District Court Search Warrant, case number 1:23-mj-547, as noted in the United States' Response Motion (Doc. No. 48, p. 28).

- Items located and seized from the defendant's Oregon storage unit, as described in **Exhibit 15**. As noted during FBI SA Daniel Lewis' testimony at the defendant's suppression hearing, law enforcement's only investigative lead to the location of this storage unit came from a receipt found in the defendant's Honda Element.

2. **Microtel Room 123 Search**

All evidence discovered by law enforcement inside the defendant's hotel room (Room 123) at the Williston, North Dakota Microtel, as well as the following items for

which the United States concedes the inevitable discovery and good faith exceptions do not apply:

- Electronic devices searched pursuant to a May 22, 2023 United States District Court Search Warrant, case number 1:23-mj-262, admitted as **<u>Defense Exhibit O</u>**, as described in Attachment A of this Warrant. (Doc. No. 41-15, pp. 21-23). As noted during FBI SA Randy Larkin's testimony at the defendant's suppression hearing, these electronic devices were seized from either the defendant's Honda Element or the defendant's Microtel hotel room.

### ALL REMAINING EVIDENCE IS ADMISSIBLE

However, as noted in the United States' response to the defendant's motion to suppress, the United States requests that this Court deny the defendant's motion to suppress any other evidence in this case because: 1) probable cause existed in law enforcement's search warrant affidavit to obtain the defendant's DNA; 2) the bags law enforcement discovered in a Williston, North Dakota dumpster—which contained a .450 Bushmaster rifle and 9mm Sig Sauer pistol—and all other challenged items, are admissible under the inevitable discovery, attenuation, and abandonment exceptions[1];

---

[1] This includes the Cheaper Than Dirt invoices admitted as Exhibits 13 and 14 because, although law enforcement found a Cheaper Than Dirt invoice in the defendant's Honda Element, law enforcement would still have inevitably learned from Marie Miller that she purchased ammunition online for the defendant from Cheaper Than Dirt, as testified to by FBI SA Daniel Lewis at the defendant's suppression hearing.

and 3) the FBI's subsequent search warrants were supported by probable cause and are admissible under the independent source, attenuation, and good faith exceptions.

## CONCLUSION

The United States asks this Court to grant, in part, the defendant's motion to suppress by excluding all evidence that law enforcement obtained from its search of the interior of the defendant's Honda Element and its search of the defendant's Microtel hotel room. However, since all remaining evidence that law enforcement obtained would have been inevitably discovered, was based upon independent sources, was attenuated, was abandoned, or was obtained based upon good faith reliance, the United States requests that this Court deny the defendant's motion to suppress any other evidence.

Dated:  February 12, 2024.

                MAC SCHNEIDER
                United States Attorney

        By: */s/ David D. Hagler*
           DAVID D. HAGLER
           Assistant United States Attorney
           ND Bar ID 04696
           david.hagler@usdoj.gov

           */s/ Jonathan J. O'Konek*
           JONATHAN J. O'KONEK
           Assistant United States Attorney
           ND Bar ID 06821
           jonathan.okonek@usdoj.gov

           P.O. Box 699
           Bismarck, ND  58502-0699
           (701) 530-2420
           Attorneys for United States