8-7-24

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>CAMERON MONTE SMITH,<br><br>  Defendant. | Case No. 1:23-cr-118 (ND) and<br>1:24-cr-104 (SD)<br><br>**AMENDED PLEA AGREEMENT** |

Pursuant to Rules 11(a)(2), 11(c)(1)(A) and (B), and 20 of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Mac Schneider, United States Attorney for the District of North Dakota, and David D. Hagler, Assistant United States Attorney; defendant, CAMERON MONTE SMITH; and defendant's counsel, Kevin Chapman, agree to the following:

1.  Defendant acknowledges:

(a) that the Indictment in District of ND (DND) Case No. 1:23-cr-118 contains a Forfeiture Allegation and charges:

**Count One**: Destruction of an energy facility, in violation of 18 USC § 1366(a);

**Count Two**: Possession of firearm by an illegal alien, in violation of 18 USC § 922(g)(5); and

**Count Three**: Possession of ammunition by an illegal alien, in violation of 18 USC § 922(g)(5); and

(b) that the Information in District of SD (DSD) Case No 1:24-CR-104[1] charges:

**Sole Count**: Destruction of an energy facility, in violation of 18 USC § 1366(a).

---

[1] The Case Number assigned in the District of South Dakota is 1:24-cr-10026-CBK.

C.S.

Defendant's attorney has fully explained the charges to defendant and he fully understands the nature and elements of the charged crimes and the forfeiture allegation.

2. Defendant and the attorney for defendant acknowledge that defendant has been apprised of all plea offers made by the United States and knowingly accepts the terms of this Plea Agreement. Defendant will voluntarily and, with the consent of the Court and the United States, conditionally plead guilty to the sole count of the Information[2] in DSD Case No. 1:24-cr-104; Count One of the Indictment in DND Case No. 1:23-cr-118; and will admit the forfeiture allegation, reserving the right to have an appellate court review the District Court's Order Granting, in Part, and Denying, in Part, Motion to Suppress (Doc. 70 in Case No. 1:23-cr-118). Should defendant prevail on appeal, the United States will not object to defendant's motion to withdraw his guilty pleas in both DND Case No. 1:23-cr-118 and DSD Case No. 1:24-cr-104 pursuant to Rule 11(a)(2), F.R.Crim.P. If the defendant is successful on appeal, and moves to withdraw his pleas, the defendant preserves all of his rights under Rule 410 of the Federal Rules of Evidence.

3. The parties agree this Plea Agreement shall be filed as part of the Court record and be governed by Federal Rule of Criminal Procedure 11(c). The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the non-binding recommendations specified in this Plea Agreement, then defendant acknowledges that this agreement will have

---

[2] Defendant understands that pursuant to the Fifth Amendment to the United States Constitution and Rule 6 of the Federal Rules of Criminal Procedure, he has the right to have this matter presented to a Grand Jury to determine whether probable cause exists that he has committed the alleged crime. Defendant voluntarily waives the right to have this matter brought before a Grand Jury, agrees to waive his right to have this matter prosecuted by Indictment, and will execute a waiver of indictment in open court pursuant to Federal Rule of Criminal Procedure 7(b).

been fulfilled. Except as provided in Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give defendant a right to withdraw defendant's guilty plea.

    4.    In pleading guilty, defendant acknowledges that:

### Count One: DND Case No. 1:23-cr-118 (Destruction of an Energy Facility)

(a) On May 12-13, 2023, defendant, Cameron Monte Smith, knowingly and willfully damaged the property of an energy facility involved in the production, storage, transmission, and distribution of electricity, or another form or source of energy, namely, Wheelock Substation, an electric power substation operated by Mountrail-Williams Electric Cooperative and Basin Electric Power Cooperative, located near Ray, North Dakota, in an amount exceeding $100,000;

(b) Specifically, defendant fired multiple rounds from a .450 Bushmaster rifle into the electric power substation causing damage to the substation and disruption of electric services to customers. Defendant also possessed a 9mm Sig Sauer pistol, Serial Number 58C012701;

(c) The damage defendant caused is currently estimated to be in excess of $1.2 million;

(d) Defendant acknowledges that his conduct satisfies all the elements of Title 18, U.S.C. Section 1366(a) as alleged in the Indictment, and that this Court has jurisdiction over this matter.

### Sole Count: DSD Case No. 1:24-cr-104 (Destruction of an Energy Facility)

(e) On July 17, 2022, defendant, Cameron Monte Smith, knowingly and willfully damaged the property of an energy facility involved in the production, storage, transmission, and distribution of electricity, or another form or source of energy, namely, a transformer and pumpstation of the Keystone Pipeline located near Carpenter, South Dakota, in an amount exceeding $100,000;

(f) Specifically, defendant fired multiple rounds from a .450 Bushmaster rifle into the transformer and pumpstation of the Keystone Pipeline, causing damage to the transformer and pumpstation and thereby causing disruption of the Keystone Pipeline;

(g) The damage defendant caused is currently estimated to be in excess of $495,000;

(h) Defendant acknowledges that his conduct satisfies all the elements of Title 18, U.S.C. Section 1366(a) as alleged in the Information, and that this Court has jurisdiction over this matter.

5. Defendant understands the following maximum penalties apply to <u>each count</u>:

Imprisonment:      20 years
Fine:              $250,000
Supervised Release: 3 years
Special Assessment: $100

Defendant agrees to pay the Clerk of United States District Court the special assessment on or before the day of sentencing.

6. Defendant understands that by pleading guilty defendant surrenders rights, including:

(a) The right to a speedy public jury trial and related rights as follow:

(i) A jury would be composed of twelve (12) lay persons selected at random. Defendant and defendant's attorney would help choose the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict. The jury would be instructed that defendant is presumed innocent and that it could not return a guilty verdict unless it found defendant guilty beyond a reasonable doubt.

(ii) If a trial were held without a jury, then the Judge would find the facts and determine whether defendant was guilty beyond a reasonable doubt.

(iii) At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for defendant refuse to appear

4

voluntarily, defendant can require their attendance through the subpoena power of the Court.

(iv) At trial, defendant has a privilege against self-incrimination; thus, defendant can decline to testify. No inference of guilt can be drawn from defendant's refusal to testify. Defendant can choose to testify, but cannot be required to testify.

(b) Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask defendant questions about defendant's criminal conduct to ensure that there is a factual basis for defendant's plea.

7. Defendant understands that by pleading guilty defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and consequences of defendant's waiver.

8. The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States' Sentencing Commission, Guidelines Manual, (Nov. 2023) (USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing. The United States expressly reserves the right to appeal from any sentence below the guideline range as calculated by the Court at the sentencing hearing.

9. This Plea Agreement is binding only upon the United States Attorneys for the Districts of North Dakota and South Dakota. It does not bind any state or local prosecutor. They

remain free to prosecute defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

10. Defendant understands the United States Attorneys reserve the right to notify any local, state, or federal agency by whom defendant is licensed, or with whom defendant does business, of defendant's conviction.

11. **SENTENCING GUIDELINES**

(a) The parties agree that they expect the two Counts to group for guideline calculation purposes because the offense level is determined largely on the basis of the total amount of aggregate harm or loss, the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior, and/or they embody conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the count(s) pursuant to USSG §3D1.2(c) and (d).

(b) The parties agree that they expect the following guideline calculations:

- a base offense level 7, pursuant to USSG § 2B1.1(a)(1);

- a 2-level increase pursuant to § 2B1.1(b)(16)(B) due to the fact that the offense involved possession of a dangerous weapon (firearm);

- an increase for loss amount pursuant to § 2B1.1(b)(1). The final projected loss amount has not yet been determined by the victims. The current estimate in the DND case is excess of $1.2 million and in the DSD case is in excess of $495,000, thus an aggregate loss amount of approximately 1.7 million, which would result in an enhancement of +16 levels pursuant to USSG § 2B1.1(b)(1)(I); and

- a 3-level acceptance of responsibility reduction as noted in ¶ 12.

12. At sentencing, United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided defendant has demonstrated a genuine acceptance of responsibility. (USSG § 3E1.1(a)). The United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of defendant's



intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG § 3E1.1(b)).

13.     **USSG § 3A1.4 upward departure.** USSG § 3A1.4 contains an upward departure provision in Application Note 4, which, in part, reads:

> (B) the offense involved, or was intended to promote, one of the offenses specifically enumerated in 18 U.S.C. § 2332b(g)(5)(B), but the terrorist motive was to intimidate or coerce a civilian population, rather than to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct. In such cases an upward departure would be warranted, except that the sentence resulting from such a departure may not exceed the top of the guideline range that would have resulted if the adjustment under this guideline had been applied.

The United States will present evidence and recommend that the Court make a finding that the facts support an upward departure pursuant to USSG § 3A1.4 Application Note 4 and impose a 12-level upward departure and criminal history category I. The defendant will object to and advocate against any application of USSG § 3A1.4.

14.     The parties acknowledge that neither the Court nor the Probation Office is bound by the Plea Agreement as to determining the Sentencing Guideline range; that the Court may impose a sentence anywhere within the Sentencing Guideline range; and that the Court may depart from the applicable Sentencing Guideline range if the Court, on the record, states factors not contemplated by the Sentencing Guidelines' Commission to justify the departure, or what sentencing factors within 18 U.S.C. § 3553(a) justify an upward or downward variance from the range. Both parties reserve the right to object to any departure or variance proposed by the Court on its own motion.

Inclusion of the parties' expectations as to the applicable Sentencing Guidelines in this plea agreement is not a guarantee to the defendant that those Sentencing Guidelines will, in fact, be included within the Presentence Investigation Report (PSR) or be found to apply by the



sentencing Court at the sentencing hearing. Both parties will have an opportunity to object to the Sentencing Guideline calculations in the PSR. Inclusion of the parties' expectations as to the applicable Sentencing Guidelines in this plea agreement does not preclude either party from objecting to any of the recommendations in the PSR, nor does it prevent either party from advocating for or against application of other Sentencing Guideline recommendations in the PSR that are not included within this Plea Agreement.

15. At sentencing:

  (a) the United States will recommend a sentence of imprisonment within the Guideline sentencing range as the United States will advocate for in paragraphs 11-13 of this plea agreement;

  (b) Defendant may seek a downward variance/departure if the defendant thinks appropriate, provided the defendant notifies the United States of the intent to do so at least seven days prior to the sentencing hearing.

  (c) the parties will recommend concurrent sentences of imprisonment for each count;

  (d) the parties will recommend a concurrent 3-year period of supervised release for each count;

  (e) the parties will recommend a $100 special assessment for each count;

  (f) the parties will recommend restitution in the amount of total loss to be determined by the Court (see ¶ 17 of this PA);

  (g) the United States will move to dismiss Counts Two and Three of the DND Indictment.

16. **FORFEITURE.** Defendant understands that the [firearms and ammunition identified in the indictment], "the property," is forfeitable under the laws of the United States, including without limitation, 18 U.S.C. Section 981(a) and 28 U.S.C. 2461(c). Defendant hereby knowingly and voluntarily waives rights to notice of forfeiture. Defendant further waives the right to have the property returned to him if notice is not sent within prescribed time frames.



Defendant knowingly and voluntarily waives all constitutional, legal and equitable claims arising out of and/or defenses to the forfeiture of the property in any proceeding, including any claim of innocent ownership and any claim or defense under the Eighth Amendment, including any claim of excessive fine. Defendant agrees to not contest or assist anyone else in contesting the forfeiture on any other ground and agrees not to petition or assist anyone else in petitioning for the remission or mitigation of the forfeiture.

17. Defendant acknowledges and understands that if defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void, in whole or in part, at the discretion of the United States, and defendant will face the following consequences: (1) all testimony and other information defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal Grand Jury, may be used against defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions; and (3) the U.S. will be released from any obligations, agreements, or restrictions imposed upon it under this Plea Agreement, including but not limited to its agreement to recommend a certain sentence. Nothing in this agreement prevents the U.S. from prosecuting defendant for perjury, false statement(s), or false declaration(s), if defendant commits such acts in connection with this agreement or otherwise.

18. Defendant acknowledges the provisions of Title 18, United States Code, Sections 2259 and 3663A, which require the Court to order restitution. Defendant agrees to pay restitution as may be ordered by the Court. Defendant acknowledges and agrees that the Court will order



Defendant to make restitution for all loss caused by Defendant's conduct, regardless of whether counts of the Indictment will be dismissed as part of this Plea Agreement. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court. If the parties cannot agree on a final loss amount for purposes of a joint recommendation for restitution, the parties will be free to present evidence and advocate for the appropriate restitution amount to be ordered by the court.

19. **Immigration Consequences.** Defendant understands that by pleading guilty he will be convicted, and that any individual convicted who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has explained this consequence of his guilty plea.

20. The United States will file a Supplement in this case, as is done in every case in the District of North Dakota, even though there may or may not be any additional terms. Defendant and defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this Plea Agreement.

21. **Defendant's Waiver of Appeal.** Defendant acknowledges having been advised by counsel of Defendant's rights to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through post-conviction proceedings, including proceedings under 28 U.S.C. § 2255. Defendant understands these rights, and in exchange for the concessions made by the United States in this plea agreement, defendant hereby knowingly and voluntarily waives these rights, except as specifically reserved herein. Waiver of these rights includes, but is not limited to, a waiver of all rights to appeal or to collaterally attack: Defendant's conviction or sentence; all



non-jurisdictional issues; any assessment, restitution or forfeiture order; the constitutionality of applicable guidelines; and the constitutionality of the statute(s) to which defendant is pleading guilty or under which he is sentenced, or to argue that the admitted conduct does not fall within the scope of the statute(s). Defendant reserves: (i) the right to appeal a sentence of imprisonment imposed above the upper end of the applicable guidelines range by way of departure or variance as calculated by the Court at the sentencing hearing; (ii) the right to appeal or to collaterally attack the conviction or sentence based on a claim of ineffective assistance of counsel that challenges the validity of the guilty plea or this waiver; and (iii) the right to appeal, pursuant to Rule 11(a)(2), F.R.Crim.P., the District Court's Order Granting, in Part, and Denying, in Part, Motion to Suppress (Doc. 70 in Case No. 1:23-cr-118); and (iv) the right to bring a motion for reduction of sentence pursuant to 18 U.S.C. Section 3582(c). If the defendant is successful on appeal on the motion to suppress, and moves to withdraw his pleas, the defendant preserves all of his rights under Rule 410 of the Federal Rules of Evidence.

22. By signing this Plea Agreement, defendant further specifically waives defendant's right to seek to withdraw defendant's plea of guilty, pursuant to Federal Rules of Criminal Procedure 11(d), except as preserved in paragraphs 2 and 21 of this plea agreement.

23. The Assistant United States Attorney and attorney for defendant agree to abide by Rule 32(f) of the Federal Rules of Criminal Procedure. The attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

24. Defendant acknowledges reading and understanding all provisions of this Plea Agreement with the assistance of counsel. Defendant acknowledges that counsel has



answered all questions regarding the Plea Agreement and has no complaints regarding the assistance counsel has provided to date.

AGREED:

MAC SCHNEIDER
United States Attorney

Dated: __8-8-24__    By: _____
DAVID D. HAGLER
Assistant United States Attorney

Dated: __8-7-24__    _____
CAMERON MONTE SMITH
Defendant

Dated: __8-7-24__    _____
KEVIN CHAPMAN
Attorney for Defendant